IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN CLINT DRAPER,

    Plaintiff,                      No. CIV S-10-0032 FCD EFB P

    vs.

D. ROSARIO, et. al.,
                                   ORDER AND
    Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He has filed a request to proceed *in forma pauperis*, and motions for a "protective order," for discovery, for a preliminary injunction, and for "an order re discovery." *See* Dckt. Nos. 2, 6, 7, and 8.

       Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Dckt. No. 2) makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

       Plaintiff's motion for a "protective order" (Dckt. No. 6) asserts that correctional officers have told him that it is not safe for him to file appeals and to be in the Department of Corrections.

////

1

The motion does not seek a Protective Order to protect information from discovery under the Federal Rules of Civil Procedure and he apparently has mislabeled his motion.  Rather, his motion contends that he fears reprisal and argues that he may need to be placed in a federal prison to be protected from retaliation by defendants and the Department of Corrections.  He states that defendants have shown an intent to harm to plaintiff and "respectfully requests that a protective order issue in this case."  He has attached copies of his internal appeals relating to the subject matter of this lawsuit.  Thus, the essence of his motion is duplicative of his request for a preliminary injunction, which is addressed below.

Plaintiff has also filed a motion for discovery, asking the court to compel defendants to produce information and documents.  Dckt. No. 7.  The court has not yet screened plaintiff's complaint pursuant to 28 U.S.C. § 1915, and defendants have therefore not yet been served.  Therefore plaintiff's discovery requests are premature and his motion for discovery is denied.

Plaintiff has filed a motion for a preliminary injunction "prohibiting deceptive practices by CDC."  Dckt. No. 8.  In support of his motion, plaintiff states, in part, that the CDC "have acted dishonesty [sic] and fabricated false misleading and a false advertising documents," have engaged in "unlawful and intentionally distortion of plaintiff's records," and that he is "informed and believe that plaintiff should be placed in a federal prison in the state of California, Terminal Island–Prison, due to the life-threatening consequences if he remain in the CDC . . . plaintiff has been informed by CDC officer that it's not safe for the plaintiff to be incarcerated in the CDC."

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir.1989).  A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964).  In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

2

1  in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
2  injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.
3  2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, __ U.S. __, 129 S.Ct. 365, 374 (2008)).
4  The Ninth Circuit has also held that "sliding scale" approach it applies to preliminary injunctions
5  as to the required showing a plaintiff must make regarding his chances of success on the meirts
6  survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, __ F.3d __, 2010
7  WL 2926463, *3-4  (filed July 28, 2010).  Under this sliding scale the elements of the preliminary
8  injunction test are balanced.  As it relates to the merits analysis, a stronger showing of irreparable
9  harm to plaintiff might offset a lesser showing of likelihood of success on the merits. *Id.*

10  In cases brought by prisoners involving conditions of confinement, any preliminary
11  injunction "must be narrowly drawn, extend no further than necessary to correct the harm the
12  court finds requires preliminary relief, and be the least intrusive means necessary to correct the
13  harm." 18 U.S.C. § 3626(a)(2).

14  In this case, plaintiff has not met these requirements.  His allegations that "life-threatening
15  consequences" may occur if he remains in the CDC are unspecific and unsupported.  Likewise,
16  plaintiff has failed to provide evidence or even specific allegations explaining his claim that the
17  CDC has improperly altered his file.  Accordingly, his motion for a preliminary injunction should
18  be denied.

19  Finally, plaintiff's motion for "order re discovery" is denied for the same reasons as his
20  motion for discovery. *See* Dckt. No. 11.

21  Accordingly, it is ORDERED that:

22  1. Plaintiff's motion to proceed *in forma pauperis*, Dckt. No. 2, is granted;

23  2. Plaintiff's motion for protective order, Dckt. No. 6, is denied;

24  3. Plaintiff's motion for discovery, Dckt. No. 7, is denied; and

25  4. Plaintiff's motion for order re discovery, Dckt. No. 11, is denied.

26  ////

1     Further, it is hereby RECOMMENDED that plaintiff's motion for a preliminary
2 injunction, Dckt. No. 8, be denied.
3     These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5 after being served with these findings and recommendations, any party may file written objections
6 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
7 to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
8 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
9 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10 Dated: August 12, 2010.

                                            EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE

4