1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN CLINT DRAPER,

11              Plaintiff,                    No. 2:10-cv-0032 KJM EFB P

12        vs.

13   D. ROSARIO,
                                             ORDER
14              Defendant.

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  He moves to compel defendant to produce (1) responses to his "August 4, 2012"

18   request for production of documents, (2) a video made on September 9, 2009, and (3) his

19   medical records from 2008 through 2012.  He also requests writs of habeas corpus ad

20   testificandum to ensure that a jury can hear testimony from him and his incarcerated witness(es).

21   Dckt. Nos. 66, 67.  For the reasons stated below, plaintiff's motion are denied.

22        Plaintiff seeks to compel defendants to respond to his request for production of

23   documents.  If a party, in response to a request for production under Rule 34, fails to produce or

24   permit inspection, the discovering party may move for an order compelling production.  Fed. R.

25   Civ. P. 37(a)(3).  As the moving party, plaintiff bears the burden of informing the court of (1)

26   which discovery requests are the subject of his motion to compel, (2) which of defendants'

                                             1

responses are disputed, (3) why he believes defendants' responses are deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action.  *See, e.g., Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist. LEXIS 9568, 2009 WL 331358, at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); *Ellis v. Cambra*, No. CIV 02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

Plaintiff's motion does not include a copy of his requests for production or otherwise identify which of his requests for production are the subject of his motion.  He does not explain how or if defendant responded to his requests or why he is dissatisfied with any particular response or objection.  Defendant opposes the motion, with exhibits showing that plaintiff did not serve his request, entitled "Notice Taking Plaintiff's Deposition Via Videoconference with Production of Documents and Medical Records And Medical Documents," until August 7, 2012. Dckt. No. 70, Ex. A.  Pursuant to the court's scheduling order, requests for written discovery had to be served by August 6, 2012.  Dckt. No. 56.  Accordingly, defendant properly informed plaintiff that he would not respond to plaintiff's untimely request.  Dckt. No. 70, Ex. B.  The court will not compel defendant to respond.

Defendant also shows that plaintiff made an earlier request for all tape recordings, transcripts, notes, and memoranda made by investigating personnel regarding a September 9, 2009 incident where defendant used force on plaintiff.  *Id.*, Ex. C.  In his response, defendant informed plaintiff that he was providing him with all responsive documents in his possession, custody or control and that he would allow plaintiff to review a video interview that was conducted on September 30, 2009.  *Id.*, Exs. C, D.  One of the documents provided to plaintiff,

dated June 25, 2010, states that a September 9, 2009 video-recorded interview of plaintiff was inadvertently recorded on an incorrect setting and all attempts to convert it had been exhausted. *Id.*, Ex. D (Dckt. No. 70-3 at 50).  Plaintiff does not contest defendant's representation and defendant cannot be compelled to produce a video that does not exist.

In response to plaintiff's motion to compel production of medical records, defendant responds that under Title 15, section 3370(c) of the California Code of Regulations, plaintiff can review his medical records.  Plaintiff does not state whether he followed prison procedures for reviewing his medical records, or otherwise explain why defendant should be compelled to provide them to him.  To the extent that plaintiff has not yet accessed his medical records, he must properly request such access through the procedures available at his place of confinement.

Finally, plaintiff requests that he and his incarcerated witnesses be brought to court to testify before a jury.  Plaintiff's request is denied as premature.  If and when this case is scheduled for trial, the court will provide the parties with instructions for obtaining the attendance of any incarcerated witnesses.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (Dckt. No. 66), and motion for writs of habeas corpus ad testificandum (Dckt. No. 67) are denied.

DATED:  November 1, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE