IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN CLINT DRAPER,

        Plaintiff,                  No. 2:10-cv-0032 KJM EFB P

    vs.

D. ROSARIO,

        Defendant.             <u>ORDER</u>

                                              /

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Plaintiff moves to disqualify the undersigned from presiding over the instant action. Plaintiff's motion is premised on his contention that the undersigned has issued unfair rulings, and because this case was reassigned to United States District Judge Kimberly J. Mueller. *See* Dckt. Nos. 72, 73.

        This action was initially assigned to the undersigned, a magistrate judge, and to Frank C. Damrell Jr., a district judge. By order filed November 21, 2011, the case was reassigned from Judge Damrell to District Judge Kimberly J. Mueller for all further proceedings. The November 21, 2012 order did not affect the assignment of a magistrate judge to this action. The undersigned remains assigned to this action as the magistrate judge in accordance with Local Rule 302(b)(17).

Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice concerning a party, 28 U.S.C. § 455(b)(1). Additionally, recusal is required under § 144 when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ."

Here, plaintiff fails to establish any basis, under either § 144 or § 455, for a determination that the court's impartiality might reasonably be questioned, and, consequently, are insufficient as a matter of law. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a recusal motion based on bias or impartiality); *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (same); *see also United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (affidavit filed pursuant to § 144 is not legally sufficient where it contains only conclusions and is devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source). As plaintiff articulates no legitimate grounds for recusal, his motion must be denied.

Accordingly, it HEREBY IS ORDERED that plaintiff's motion for disqualification of the undersigned (Dckt. Nos. 72, 73) are denied.

DATED: December 12, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE