IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN CLINT DRAPER,

        Plaintiff,                     No. 2:10-cv-32-KJM-EFB P

        vs.

D. ROSARIO,

        Defendant.              ORDER AND
                                            FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's Eighth Amendment excessive force claim against defendant Rosario. ECF No. 55. Rosario has moved for summary judgment, ECF No. 77, and for the reasons explained below, the motion must be denied.

**I.    The Complaint**

        Plaintiff alleges in his verified amended complaint filed on April 26, 2012, that on September 9, 2009, defendant Rosario used excessive force in restraining plaintiff. He alleges that Rosario ordered plaintiff to place his hands behind his back, and that plaintiff complied, but was then handcuffed behind his back. ECF No. 49, Aff. at 1. Next, according to plaintiff, Rosario ordered plaintiff to walk to the sergeant's office. *Id.* Plaintiff claims that he walked as instructed but Rosario then "maliciously attacked" plaintiff by "slamming" his body into an iron

1

grill grate. *Id.* Plaintiff claims he was knocked down by the impact, causing him severe pain. *Id.* Plaintiff states that as he laid prone on the ground, trying to recover, Rosario began to "sadistically twist" his right arm. *Id.* Rosario then allegedly "slammed" his knees into plaintiff's back and also "slammed" plaintiff's head into the concrete floor, causing further injuries and pain. *Id.* Plaintiff claims that Rosario continued to assault him until another prison official ordered Rosario to stop. *Id.*

## II.     Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing

party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson.*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

  A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id.* at 323.

  To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning

/////

an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand,"[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted); *Celotex.*, 477 U.S. at 323 (If the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue). Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

Defendants' motion for summary judgment included a notice to plaintiff informing him of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

**III.   Discussion**

Rosario seeks summary judgment on the grounds that: (1) plaintiff's excessive force claim is barred by the rule announced in *Edwards v. Balisok*, 520 U.S. 641 (1997); (2) the amount of force Rosario used on September 9, 2009, was de minimis and caused no harm; and (3) Rosario is entitled to qualified immunity. ECF No. 77-2. On January 14, 2013, plaintiff responded to defendant's motion with the following documents: (1) a motion for the appointment of a neutral expert witness;[1] (2) a declaration signed by plaintiff; (3) a declaration signed by Richard Shepard; (4) several exhibits; and (5) an "objection to defendant['s] motion for summary judgment." *See* ECF Nos. 81, 82.[2] Defendant's reply only acknowledges the document entitled "objection" to defendant's motion. *See* ECF No. 84. Defendant objects that the filing does not comply with Local Rule 260(b). *See id.* at 2 (arguing that plaintiff "did not file or serve any other document that could possibly serve as a satisfactory substitute for the . . . response" required by Local Rule 260(b)).

The court first addresses defendant's argument that it should disregard plaintiff's opposition because it does not comply with Local Rule 260(b), which states that any party

---

[1] Because the undersigned recommends that defendant's summary judgment motion be denied, it denies this request as unnecessary, and without prejudice. In due course, the court may order the parties to file pretrial statements. Plaintiff's pretrial statement may include a request for the appointment of a neutral expert witness for trial.

[2] Long after the summary judgment motion was fully briefed and submitted for decision, plaintiff requested a court order to provide him with access to his legal property. ECF No. 94. As plaintiff faced no court deadline at the time he made this request, it too is denied, without prejudice.

1 opposing a motion for summary judgment "shall reproduce the itemized facts in the Statement of
2 Undisputed Facts and admit those facts that are undisputed and deny those that are disputed,
3 including with each denial a citation to the particular portions of any pleading, affidavit,
4 deposition, interrogatory answer, admission, or other document relied upon in support of that
5 denial." E.D. Cal. L. R. 260(b).  As noted, plaintiff has included sworn declarations in
6 opposition to defendant's motion, and it is apparent from those declarations, which facts plaintiff
7 disputes.  Thus, plaintiff's opposition complies with the fundamental requirement that he
8 specifically identify the facts he disputes and annotate with citations to the record the specific
9 evidence on which he relies. Therefore, his opposition will not be disregarded.

Further, and as discussed below, Rosario has not shown that plaintiff's claim is barred by the rule announced in *Edwards*, and disputed issues of material fact otherwise preclude summary judgment.

**A.     *Edwards v. Balisok***

The Supreme Court has held, where a judgment in the prisoner's favor in his section 1983 action would necessarily imply the invalidity of a deprivation of good-time credits, the plaintiff must first demonstrate that the credits deprivation has been invalidated in order to state a cognizable claim under section 1983. *Edwards v. Balisok*, 520 U.S. 641, 644 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483, 486-87 (1994) (setting forth this "favorable termination" rule). The U.S. Court of Appeals for the Ninth Circuit has clarified that application of *Heck*'s favorable termination rule "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003).  The *Heck* bar exists to preserve the rule that challenges which, if successful, would necessarily imply the invalidity of incarceration or its duration, be brought via petition for writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 751-52 & n.1 (2004).

/////

Rosario submits evidence showing that as a result of the September 9, 2009 incident, plaintiff was found guilty in a Rules Violation Report of assaulting Rosario, and was assessed a ninety-day forfeiture of behavioral credits.  ECF No. 77-4, Ex. B3.  Rosario states that the facts underlying the Rules Violation Report are identical to those concerning the instant excessive force claim.  ECF No. 77-3, Def.'s Stmt. of Undisp. Facts ("DUF") 13.  Rosario argues that since plaintiff challenges findings of a disciplinary proceeding where a loss of behavioral credits was assessed, his claim is barred by *Heck* and *Edwards*.

The court previously addressed Rosario's *Edwards* argument in resolving defendants' July 21, 2011 motion to dismiss.  The court, noting that records submitted with the motion to dismiss indicated that plaintiff is serving an indeterminate life sentence, explained as follows:

> As a life-term prisoner, the loss of credits will have no effect on plaintiff's maximum sentence.  *See Roman v. Knowles*, Case No. 07-cv-1343-JLS, 2011 U.S. Dist. LEXIS 95410, at *38-40 (S.D. Cal. June 20, 2011), *adopted by* 2011 U.S. Dist. LEXIS 95286 (S.D. Cal. Aug 25, 2011) (finding the favorable termination rule inapplicable under such circumstances).  And while the prison records indicate that the loss of credits has affected plaintiff's minium eligible parole date (MEPD), a change in plaintiff's MEPD will not necessarily affect the length of his sentence.  *See Vandervall v. Feltner*, Case No. CIV-S-09-1576 DAD, 2010 U.S. Dist. LEXIS 72059, at *16-18, *adopted by* 2010 U.S. Dist. LEXIS 88704 (E.D. Cal. Aug. 25. 2010) ("Rather, the MEPD determines when plaintiff may appear before the Board of Parole Hearings (BPH) for his first parole suitability hearing. The BPH, in turn, has the exclusive authority to grant plaintiff parole and set any actual parole release date.").  Defendants drop a footnote indicating that "California state law provides a reduction in sentence based on the inmate's good-time credits."  ECF No. 37 at 6 n. (citing Cal. Penal Code § 2933).  Defendants do not articulate how or if section 2933 would apply in these circumstances to reduce plaintiff's life sentence.
>
> Accordingly, because defendants have failed to demonstrate how the loss of credits resulting from the disciplinary conviction will have any impact on the length of plaintiff's confinement, defendants' motion to dismiss claims as barred by the favorable termination rule must be denied.  *See Ramirez*, 334 F.3d at 858 ("[W]here . . . a successful § 1983 action would not necessarily result in an earlier release from incarceration . . . the favorable termination rule of *Heck* and *Edwards* does not apply.")

ECF No. 45 (Mar. 9, 2012 Findings and Recommendations) at 5-6.  Thus, the court made clear that defendants' *Edwards* argument failed because there was no indication that plaintiff's loss of credits had any impact on the length of his confinement.  Defendants filed no objections to the

7

finding and recommendations setting forth that analysis and conclusion, which were adopted by the district judge on March 30, 2012. ECF No. 47. Yet Rosario again raises this *Edwards* argument but does so without even acknowledging the March 9, 2012 findings and recommendations and the March 30, 2012 order adopting those findings or otherwise explaining why the court should reconsider its earlier ruling on the issue. *See* E.D. Cal. L.R. 230(j). Rather, Rosario makes the unsupported assertion that the "loss of credits resulted in extending the length of [plaintiff's] confinement." ECF No. 77-2 at 5. Once again, however, Rosario fails to demonstrate *how* the loss of credits will have any impact on the length of plaintiff's incarceration. Rosario's unsupported statement is not sufficient. *See Wynn v. Cate*, No. 2:10-cv-0546 EFB P, 2012 U.S. Dist. LEXIS 88424, at *16-17 n.2 (E.D. Cal. June 26, 2012) (noting instances in this court in which the state Attorney General's Office had argued that a loss of credits to an inmate whose MEPD has passed does *not* shorten the duration of confinement). Accordingly, summary judgment cannot be granted on the basis that plaintiff's excessive force claim is barred by *Heck* and *Edwards*.

### B. Excessive Force

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. *Id.* at 7; *see also id.* at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use

1 of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and
2 citations omitted)).

3       According to Rosario, the undisputed evidence entitles him to summary judgment
4 because it shows that he used de minimis force and that plaintiff suffered no injury. Rosario
5 points to an incident report that describes plaintiff as pulling away from Rosario, heaving his
6 body-weight toward Rosario, and being the cause of his fall to the floor. *See* DUF 6-9; ECF No.
7 77-4, Ex. B1 at 2. The incident report notes that Rosario then placed his knee on plaintiff's back,
8 using his physical strength and body-weight to hold plaintiff until responding staff arrived. *Id.*
9 Rosario further submits that plaintiff was not injured during their encounter, because a registered
10 nurse who examined plaintiff shortly after the incident did not find any injuries on plaintiff.
11 DUF 11; ECF No. 77-4, Ex. B2.

12       If defendant's evidence is credited, then Rosario's use of force appears to have been
13 minimal, and a reasonable response to a perceived threat by plaintiff to Rosario's safety.
14 Plaintiff, however, responds with conflicting evidence.

15       First, plaintiff submits a declaration that is nearly identical to the one he filed with his
16 amended complaint. *See* ECF No. 81, Pl.'s Decl. at 1. Plaintiff repeats in that declaration his
17 claims that he complied with the orders to be handcuffed and to walk, and that it was Rosario
18 who attacked him, slammed him into an iron grill grate, and knocked him to the floor. *Id.*
19 Plaintiff continues, stating that Rosario "sadistically twisted" his arm, "slammed" his head into
20 the concrete floor, and continued to assault him until ordered to stop by other officers. *Id.*
21 According to plaintiff, Rosario's conduct subjected him to severe pain. *Id.*

22       Second, plaintiff submits the declaration of Richard Shepard, who states that he was
23 present during the encounter between plaintiff and Rosario. *Id.*, Shepard Decl. at 1. Shepard
24 corroborates plaintiff's account, adding that plaintiff complied with every order, that it appeared
25 as though Rosario "was trying to break [plaintiff's] arm," and that Rosario was yelling in "a wild
26 tone." *Id.*

9

Thus, the court is presented with the declarations of two percipient witnesses to the September 9, 2009 encounter – plaintiff and Shepard. Their description of the September 9, 2009 encounter dramatically differs from the description in the incident report. In their version of the encounter, plaintiff complied with all orders and Rosario just attacked plaintiff for no legitimate reason, causing plaintiff to hit the floor. They submit that Rosario intentionally inflicted pain upon plaintiff by twisting plaintiff's arm, slamming his head onto the concrete floor, and continuing with the assault until another officer intervened. This evidence is sufficient to sustain a finding that Rosario repeatedly assaulted plaintiff without provocation and with the intention of causing plaintiff pain. Drawing all inferences in plaintiff's favor, there is a genuine dispute as to whether defendant Rosario used excessive force in violation of the Eighth Amendment. *See Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178-89 (2010) ("core judicial inquiry" on an Eighth Amendment excessive force claim is "not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

### C. Qualified Immunity

Rosario also argues that he is entitled to qualified immunity. Qualified immunity protects government officials from liability for civil damages where a reasonable person would not have known their conduct violated a clearly established right. *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987). In determining whether the doctrine of qualified immunity provides a government officer protection, a court must make two inquires: 1) do the facts alleged show that the officer violated a constitutional right; and 2) was the constitutional right well established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Pearson v. Callahan*, 555 U.S. 223, (2009) (courts have discretion to decide which of the two *Saucier* prongs to address first). A plaintiff invokes a "clearly established" right when "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640.

Defendant's qualified immunity arguments rests on his version of the September 9, 2009 encounter. *See* ECF No. 77-2 at 9-10 ("A reasonable person in Rosario's position--with Draper having pulled away from Rosario, pushed his foot against a grill gate, and hurled his bodyweight toward Rosario--could have believed his conduct (holding onto Draper's handcuffs and using his knee and bodyweight upon Draper's back to control him until responding staff arrived) was lawful."). Defendant's qualified immunity argument is further predicated on his assertion that there was no constitutional violation because plaintiff's claim is barred by *Edwards* and because he did not use excessive force against plaintiff. As discussed above, the facts are in dispute as to whether there was a constitutional violation. Those disputes preclude a finding of qualified immunity on summary judgment. *See LaLonde v. County of Riverside*, 204 F.3d 947, 953 (9th Cir. 2000) ("If . . . there is a material dispute as to the facts regarding what the officer or the plaintiff actually did, the case must proceed to trial").

**IV.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for appointment of an expert (ECF No. 81) and for a court order (ECF No. 94) are denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that Rosario's December 28, 2012 motion for summary judgment (ECF No. 77) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 29, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE