UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CLINT DRAPER,<br><br>    Plaintiff,<br><br>    v.<br><br>D. ROSARIO, et al.,<br><br>    Defendants. | Civ No.  S-10-0032 KJM EFB<br><br><br>ORDER |

        On November 15, 2013, the court heard argument on defendant's motion to reopen discovery.  Victor Meng and Judson Lobdell appeared for plaintiff; David Carrasco appeared telephonically for defendant.  After considering the parties' arguments, the court GRANTS the motion in part.

I. BACKGROUND

        On January 5, 2010, plaintiff filed a complaint against defendant Rosario, among others, alleging that Rosario had used excessive force against plaintiff.  ECF No. 1.  Before the magistrate judge had screened the case in accordance with 28 U.S.C. § 1915A(a), plaintiff filed two motions for discovery.  The first sought information about any complaints filed against defendant Rosario, while the second sought production of the defendants' statements and all reports from witnesses.  *See* ECF Nos. 7, 11.  On August 13, 2010, the magistrate judge denied the motions as premature, noting the complaint had not been screened and the defendants had not been served.  ECF No. 12.

Case 2:10-cv-00032-KJM-EFB   Document 112   Filed 11/27/13   Page 2 of 6

Thereafter, on October 15, 2010, the magistrate judge found the complaint stated a claim against four of the defendants listed, including Rosario. ECF No. 17. Eventually the court granted defendants' motion to dismiss, leaving only the excessive force claim against defendant Rosario. ECF Nos. 45, 47. Thereafter on April 26, 2012, plaintiff filed an amended complaint containing only the claim against defendant Rosario. ECF No. 49.

On June 4, 2012, plaintiff filed a request for the production of documents, seeking his central and medical files, the name of the officer who stopped Rosario's actions against plaintiff, and depositions of all witnesses. ECF No. 54. On June 18, 2012, the magistrate judge ordered the request to be disregarded, informing plaintiff that discovery requests must be served on the defendant. ECF No. 55. On the same day the magistrate judge issued a discovery and scheduling order, setting a discovery cut-off date of October 6, 2012. ECF No. 56.

On June 25, 2012, plaintiff filed a request for deposition, seeking to take several depositions and also asking for the production of information on any complaints suggesting racial prejudice, dishonesty or fabrication of charges filed against defendant Rosario, as well other categories of information. ECF No. 59. On June 29, 2012, the court denied the request, again reminding plaintiff to serve discovery requests on defendant. ECF No. 60.

On September 4, 2012, plaintiff filed a "supplemental motion for incorporating medical records into deposition records," which attached copies of plaintiff's medical records, apparently in an attempt to ensure the records were before the court. ECF No. 65.

On October 3, 2012, plaintiff filed a motion to compel, seeking a DVD of the video made on September 9, 2009, after the alleged use of force, copies of his medical records from 2008 through 2012, and documents plaintiff had requested on August 4, 2012. ECF No. 66. Plaintiff also sought the issuance of writs of habeas corpus ad testificandum for himself and witness Richard Shepard. ECF No. 67.

On November 2, 2012, the court denied the request for the writs as premature and denied the motion to compel. ECF No. 71. On November 26, 2012, plaintiff filed a motion for reconsideration of the order. ECF No. 74. While this was pending, defendant filed a motion for summary judgment. ECF No. 77. Thereafter plaintiff filed motions for a copy of the transcript of

his deposition and for the appointment of a neutral expert witness.  ECF Nos. 79, 81.  The magistrate judge denied both these motions.  ECF Nos. 80, 97.

On January 17, 2013, this court denied plaintiff's motion for reconsideration.  ECF No. 83.

On July 30, 2013, the magistrate judge recommended that Rosario's motion for summary judgment be denied.  ECF No. 97.  This court adopted the findings and recommendations on September 24, 2013.  ECF No. 99.  This court also appointed counsel, set the case for a settlement conference on December 12, 2013 and for pretrial conference on February 6, 2014.  *Id*.

In the current motion, plaintiff seeks to establish a new discovery cut-off date of March 28, 2014, with the completion of expert discovery by June 18, 2014.  He also proposes moving the settlement conference to July 2014 and the final pretrial conference to September 2014.  ECF No. 104 at 4.

II. ANALYSIS

Because plaintiff seeks to modify the scheduling order, the motion is governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that modifications may be made only on a showing of good cause.  Rule 16(b)'s good cause standard focuses primarily on the diligence of the moving party and that party's reasons for seeking modification.  *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011), *cert. denied sub nom C.F. v. Corbett*, 132 S.Ct. 1566 (2012).  If the moving party was not diligent, "the inquiry should end" and the motion to modify should not be granted.  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

To demonstrate diligence under Rule 16, the movant may be required to show: (1) that he was diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline is occurring, notwithstanding his diligent efforts to comply, because of the development of matters that could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in

3

seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations omitted).

Plaintiff's attorneys explain that discovery was closed by the time they were appointed, yet crucial discovery has not been undertaken. He seeks to depose defendant Rosario and some unidentified medical personnel, to obtain a copy of any other complaints of excessive force made against Rosario as well as Rosario's disciplinary file, to inspect the site of the incident, and to retain expert witnesses. ECF No. 104 at 5-6. In another section of his memorandum of points and authorities, plaintiff suggests he also wishes to depose other witnesses to the incident. ECF No. 104 at 8. Finally, at hearing, he said he needed CDCR's use of force guidelines, among other things.

Defendant's counsel agreed to contact the institution where plaintiff is currently housed in order to facilitate counsels' review of plaintiff's central and medical files.

Generally, "[t]he arrival of new counsel . . . . does not entitle parties to conduct additional discovery or otherwise set aside valid and binding orders of the court, regardless of the efficacy of any new strategy counsel seeks to follow." *Alvarado Orthopedic Research, L.P. v. Linvatec Corp.*, Civil No. 11cv0246 IEG (RBB), 2012 WL 6193834, at *2 (S.D. Cal. Dec. 12, 2012) (internal citations, quotations omitted; alteration in original); *Porter v. Cal. Dep't of Corr.*, No. Civ.S-00-978 FCD/JFM, 2006 WL 467980, at *1 (E.D. Cal. Jan. 6, 2006). This rule is sometimes relaxed when, as here, pro bono counsel have agreed to represent pro se plaintiffs after the discovery deadlines have closed. *See, e.g.*, *Woodard v. City of Menlo Park*, No. C-09-3331 SBA, 2012 WL 2119278, at *1 (N.D. Cal. June 11, 2012); *Henderson v. Peterson*, No. C-07-2838 SBA PR, 2011 WL 441206, at *2 (N.D. Cal. Feb. 3, 2011). The court does not agree with plaintiff's characterization that Rosario stonewalled him, *see* ECF No. 104 at 3, and notes that many of the attempts at discovery that counsel characterizes as diligent were procedurally improper. *See id*. at 4. Even so, the court agrees that allowing some additional discovery is appropriate under the circumstances. For example, despite defendant's argument that the material in his personnel file is private and irrelevant, courts have found requests for other complaints of

4

excessive force against a defendant officer to be relevant. *See Zackery v. Stockton Police Dep't*, No. CIV S-05-2315 MCE DAD P, 2007 WL 1655634, at *2 (E.D. Cal. June 7, 2007). In addition, allowing plaintiff to depose Rosario and the officer who attempted to stop Rosario's use of force would serve the ultimate resolution of this case on the merits.

Plaintiff has not suggested, however, why a review of the medical records would not serve to inform him about any medical issues in this case or how a deposition of a doctor or other medical staff member, four years after the incident, would be useful. Similarly, counsel has not yet examined plaintiff's medical records and so cannot explain why he needs an expert witness or indeed what other experts he may need.

Accordingly, the court finds plaintiff has shown good cause for a limited reopening of discovery. It also finds that the ultimate resolution of this case will be aided if the parties now make the initial disclosures required by Federal Rule of Civil Procedure 26, from which this case was previously exempt. Initial disclosures by defendant should include CDCR's use of force policy.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion to reopen discovery, ECF No. 104, is granted in part;

2. The parties shall exchange initial disclosures within fourteen days of the date of this order;

3. Counsel for defendant Rosario shall provide a copy of Rosario's personnel file and/or any other complaints of excessive force lodged against him under seal directly to the undersigned's chambers within fourteen days of the date of this order for in camera review;

4. Plaintiff is permitted to depose defendant Rosario and the other officer who allegedly attempted to stop Rosario's use of force;

5. The new discovery deadline is January 31, 2014; by this date any motions to compel discovery should be heard by the magistrate judge;

6. The settlement conference set for December 12, 2013 is vacated and a new settlement conference is reset for February 6, 2014 at 10:00 a.m. in Courtroom 27;

/////

7. The final pretrial conference set for February 6, 2014 is vacated and is reset for March 20, 2014 at 3:30 p.m. in Courtroom 3; the parties' joint pretrial statement is due March 6, 2014;  and

8. Trial is set for April 21, 2014 in Courtroom 3 at 9:00 a.m.

DATED:  November 26, 2013.

_____
UNITED STATES DISTRICT JUDGE