UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CLINT DRAPER, | Civ. No.  S-10-0032 KJM EFB P |
| Plaintiff, | |
| v. | ORDER |
| D. ROSARIO, et al., | |
| Defendants. | |

On November 27, 2013, this court directed defense counsel to make defendant Rosario's personnel records available for *in camera* inspection. ECF No. 112 at 5. Counsel timely provided a copy of the personnel file as well as a separate envelope of "inmate appeals and related litigation records" and the court has now reviewed the records.

The court has found nothing relevant to this action in the personnel file itself. The separate collection of appeals and litigation records does contain grievances based on Rosario's alleged use of force filed by three inmates:  Ronald Walton, V-82881, John Mitchell, H-38255, and Mario Thompson, T-54097.  None of these complaints was upheld and the inmates subsequently filed suit in this court.  There are three pages in the collection of documents worth

1

noting. One, in the "Manager's Review—First Level Use of Force Incidents" concerning the August 5, 2008 incident with Inmate Walton, the facility captain did check the box "No" next to the inquiry "were staff's actions following the use of force in compliance with policy, procedure and training?" The narrative following this face sheet says, however, that "Officer Rosario's actions were justified and within the department use of force policy . . . . Staff actions prior, during the use of force incident were in compliance with policy, procedure and training." As the narrative comports with the October 7, 2008 Staff Complaint Response to Inmate Mitchell, that staff did not violate CDCR policy, the court does not find this one report relevant. Two and similarly, in the Warden's response to Inmate Walton's grievance No. CSP-S-10-00338, about defendant Rosario, Warden Swarthout checked the box next to the preprinted line, "The inquiry is complete. Staff did violate CDCR policy." Once again, however, the narrative says that "appellant [Walton] was advised that he failed to provide adequate supporting documentation that clearly indicated evidence of misconduct by CL Rosario." The court does not find this document relevant. Three, in a Use of Force form concerning Inmate Mitchell, SOL-SF1-08-0241, Facility Captain Peck checked the box suggesting that the use of force was not in compliance with procedures, but once again the narrative says "Officer Rosario's actions were justified and within the department use of force policy . . . ." The court similarly does not find this relevant.

        The collection of appeals and litigation records also includes copies of two civil rights complaints filed in this court by inmates Michael Haynes, J-78758, and Sean Williams, F-49327. There is no corresponding internal investigation information related to the incidents alleged in these two lawsuits. The court has compared Walton's, Mitchell's, and Thompson's grievance proceedings against the complaints in the Haynes and Williams cases and finds there is nothing in the files that illuminates the incidents described in those complaints.

/////

In light of the fact that Rosario's alleged excessive use of force against other inmates has produced civil rights actions available through this court's PACER system, and the lack of additional materially relevant information in the files produced by defendant, the court declines to order the production of any of the materials produced *in camera*.

IT IS THEREFORE ORDERED that:

1. Plaintiff's request for the production of materials from defendant's personnel file is denied; and

2. The Clerk of the Court is directed to file under seal the materials produced by defendant *in camera*, in order to preserve the record.

Dated: January 9, 2014.

_____
UNITED STATES DISTRICT JUDGE