UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN CLINT DRAPER,

        Plaintiff,

      v.

D. ROSARIO, et al.,

        Defendant.

No.  2:10-CV-0032 KJM EFB

ORDER

On March 20, 2014, the court conducted a final pretrial conference.  Victor Meng, Robert O'Leary and Judson Lobdell appeared for plaintiff Draper, who was present in court; David Carrasco and Rene Lucaric appeared telephonically for defendant Rosario.

After hearing, and good cause appearing, the court makes the following findings and orders:

JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. § 1343(a).  Jurisdiction and venue are not contested.

JURY/NON-JURY

The parties have requested a jury trial and agree to an eight member jury.

/////

/////

1

UNDISPUTED FACTS

1.  California State Prison-Solano is a medium security institution operated by the California Department of Corrections and Rehabilitation (CDCR).

2.  On September 9, 2009, plaintiff John Clint Draper was an inmate housed in Building Four at CSP-Solano.

3.  Draper was classified as mobility impaired and was authorized to use a cane.

4.  Defendant David Rosario was a correctional officer assigned to CSP-Solano and on September 9, 2009 was working as a floor officer in Building Four.

5.  Correctional Officer Pyong Chan Lee was working as the control booth officer and Correctional Officer Eddie Coulter was working as a floor officer in Building Four on September 9, 2009.

6.  Coulter, Lee and Rosario were the only officers assigned to working in Building Floor during the morning of September 9, 2009.

7.  Around 11:30 a.m., Rosario ordered Draper to report to the office in Building Four.

8.  When Draper reported to the office, Coulter and Rosario were there and Lee was in the control booth.

9.  Rosario talked to Draper about the latter's work performance as a porter.

10.  Draper disagreed with Rosario's assessment and the two got into a verbal exchange in the dayroom outside the office.

11.  Rosario ordered Draper to drop his cane and put his hands behind his back so Rosario could handcuff Draper.

12.  Draper complied and Rosario handcuffed him

13.  The incident involving Draper and Rosario took place in the Day Room of Building Four, immediately in front of the sally port grill gate.

14.  Lee activated his personal alarm as the result of the incident and CDCR officers arrived in response.

/////

/////

2

DISPUTED FACTUAL ISSUES[1]

    1. Whether Rosario slammed Draper into the sally port grill gate in Building Four.

    2.  Whether Draper jumped off the sally port grill gate and launched himself backwards at Rosario in an attempt to assault Rosario.

    3.  Whether Rosario slammed Draper's head into the ground while Draper was face down on the ground.

    4. Whether Draper suffered any injury as the result of the incident or, if he did, the extent of any injuries.

    5.  Whether a registered nurse adequately examined Draper after the incident.

SPECIAL FACTUAL INFORMATION

    None applicable.

DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

    The parties will submit their motions in limine in accordance with the schedule set below, except for plaintiff's request to obtain the attendance of incarcerated witnesses, which shall be addressed according to the schedule set by ECF No. 130.

    The parties' motions on limine are due by April 7, oppositions due by April 14, and any replies by April 21, 2014.   The parties should inform the court whether resolution of any of the motions might require an evidentiary presentation.

STIPULATIONS/AGREED STATEMENTS

    The parties have stipulated as to the following facts:

    1.  Rosario acted under color of state law.

    2.  The medical records offered as plaintiff's exhibits 1-60 and defendants' exhibits 7-35 are authentic.

    3.  The photographs of Building Four taken on January 22, 2014 and offered as plaintiff's exhibit 66 and defendant's exhibit 35 are authentic.

---

[1]  The court acknowledges plaintiff's claim that the question whether a post-incident interview with plaintiff was properly handled is in dispute, but does not include that in the disputed facts as it is not part of the claim itself, but rather may provide a basis for a jury instruction or other action.   As the parties observed, this will be addressed during the motions in limine.

1  RELIEF SOUGHT

2          Plaintiff seeks compensatory or nominal damages,  punitive damages, costs and attorneys'

3  fees.   Defendant seeks a judgment in his favor and an award of costs.

4  POINTS OF LAW

5          The parties shall alert the court to disputes about the applicable law and legal standards.

6  Trial briefs addressing these points more completely shall be filed with this court no later than

7  seven days prior to the date of trial in accordance with Local Rule 285.

8  ABANDONED ISSUES

9          The court granted defendant's motions to dismiss Draper's claim that his Fourteenth

10 Amendment right to procedural due process was violated, that his Eighth Amendment right was

11 violated by prison officials' deliberate indifference to his serious medical needs, and that he was

12 subjected to a biased disciplinary hearing.

13 WITNESSES

14         Plaintiff intends to call the following witnesses:

15         John Clint Draper

16         Richard Shepard, CDC No. H40705

17         Frank Thompson, Jr. CDC No. C07772

18         Mario Thompson, CDC No. T54097

19         James Fowler, Correctional Sergeant

20         Allen Peel, Correctional Sergeant

21         John Edward Mitchell, CDC No.H38255

22         Michael Dwayne Haynes, CDC No. J78758

23         Dr. Martin Chenevert—expert witness

24         Custodians of records

25         Grant Fine, potential impeachment witness

26         Defendant intends to call the following witnesses:

27         David Rosario

28         Pyong Chun Lee

1    Edward Coulter

2    Dr. Bruce Barnett—rebuttal expert

3    Custodians of records.

4    Each party may call any witnesses designated by the other.

5        A.      The court will not permit any other witness to testify unless:

6                (1) The party offering the witness demonstrates that the witness is for the purpose

7                of rebutting evidence that could not be reasonably anticipated at the pretrial

8                 conference, or

9                (2) The witness was discovered after the pretrial conference and the proffering

10               party makes the showing required in "B," below.

11       B.      Upon the post pretrial discovery of any witness a party wishes to present at trial,

12   the party shall promptly inform the court and opposing parties of the existence of the unlisted

13   witnesses so the court may consider whether the witnesses shall be permitted to testify at trial.

14   The witnesses will not be permitted unless:

15               (1) The witness could not reasonably have been discovered prior to the

16               discovery cutoff;

17               (2) The court and opposing parties were promptly notified upon discovery

18               of the witness;

19               (3) If time permitted, the party proffered the witness for deposition; and

20               (4) If time did not permit, a reasonable summary of the witness's testimony

21               was provided to opposing parties.

22   EXHIBITS, SCHEDULES AND SUMMARIES

23       Plaintiff's exhibits are identified on attachment A.   At trial, plaintiff's exhibits shall be

24   listed numerically.

25       Defendant's exhibits are identified on attachment B.  At trial, defendant's exhibits shall be

26   listed alphabetically.

27       The court encourages the parties to generate a joint exhibit list to the extent possible.

28   Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than twenty-eight days before trial.  Any objections to exhibits are due no later than fourteen days before trial.

A.  The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

1.  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

2.  The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B.  Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

1.  The exhibits could not reasonably have been discovered earlier;

2.  The court and the opposing parties were promptly informed of their existence;

3.  The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

DEPOSITION TRANSCRIPTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than fourteen days before trial.

/////

/////

FURTHER DISCOVERY OR MOTIONS

Discovery closed on October 6, 2012.  The court granted plaintiff's motion to reopen discovery and set a new discovery deadline of January 31, 2014.

The parties do not anticipate additional discovery.

AMENDMENTS/DISMISSALS

As noted above, several claims were dismissed during the course of the litigation.

SETTLEMENT

On February 6, 2014, he parties attended a settlement conference conducted by the Honorable Dale A. Drozd.  The case did not settle and the parties do not believe a further settlement conference will be helpful.

JOINT STATEMENT OF THE CASE

The parties should submit a joint statement of the case fourteen days before trial.

SEPARATE TRIAL OF ISSUES

The parties do not seek a separate trial of any issues.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Not applicable.

ATTORNEYS' FEES

.      Plaintiff will seek attorneys' fees if he is the prevailing party.

ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for  May 5, 2014 at 9:00 a.m. in Courtroom Three before the Honorable Kimberly J. Mueller.  Trial is anticipated to last three to four days.  The parties are directed to Judge Mueller's trial schedule outlined at the "important information" link located on her web page on the court's website.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury voir dire seven days before trial.  Each party will be limited to ten minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions fourteen days

7

1    before trial, identified as "Jury Instructions and Verdicts Without Objection."  To the extent the

2    parties are unable to agree on all or some instructions and verdicts, their respective proposed

3    instructions are due fourteen days before trial.

4        Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed

5    or disputed, as a word document to kjmorders@caed.uscourts.gov no later than fourteen days

6    before trial; all blanks in form instructions should be completed and all brackets removed.

7        Objections to proposed jury instructions must be filed seven days before trial; each

8    objection shall identify the challenged instruction and shall provide a concise explanation of the

9    basis for the objection along with citation of authority.   When applicable, the objecting party

10    shall submit an alternative proposed instruction on the issue or identify which of his or her own

11    proposed instructions covers the subject.

12    <u>MISCELLANEOUS</u>

13        Trial briefs are due seven days before trial.

14    <u>OBJECTIONS TO PRETRIAL ORDER</u>

15        Each party is granted fourteen days from the date of this order to file objections to the

16    same.  If no objections are filed, the order will become final without further order of this court.

17    DATED:   April 3, 2014.

18

19

20                 UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28