UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CLINT DRAPER, | No. 2:10-CV-0032 KJM EFB |
| Plaintiff, | |
| v. | ORDER |
| D. ROSARIO, et al., | |
| Defendant. | |

Plaintiff is a state prison inmate proceeding with counsel in a civil rights action alleging that on September 9, 2009, defendant Rosario used excessive force against him while he was handcuffed. The case is set for jury trial on May 5, 2014. Plaintiff's request to have five inmate witnesses transported to court is currently pending before the court.

I. BACKGROUND

In the scheduling order issued June 18, 2012, the magistrate judge directed any request for the production of inmate witnesses to include either an affidavit from the proposed witness or from the party attesting to the witness's willingness to testify and to the substance of the proposed testimony. ECF No. 56 at 3-4.

On March 6, 2014, counsel filed a motion to obtain the attendance of five witnesses, supporting it with the declaration of counsel, who averred that his investigator talked to the inmates, who agree to testify. ECF No. 127. Counsel identified inmates Mario Thompson,

1

1   Frank Thompson, Jr. and Richard Shepard as eyewitnesses to the encounter between Draper and
2   Rosario and said inmates John Mitchell and Michael Haynes allege Rosario used force against
3   them while they were handcuffed. *Id*.
4         At the final pretrial conference, counsel for Rosario objected to the request,
5   arguing that the eyewitness testimony would be cumulative to Draper's testimony and the
6   testimony about alleged other acts of force would not be admissible.  He also argued that the
7   request did not comply with the scheduling order because counsel had not talked to the witnesses
8   himself.
9         Counsel for plaintiff argued that the eyewitnesses saw the incident from different
10  angles and so their testimony will not be cumulative.
11        In his written opposition, Rosario again chides plaintiff for failing to abide by the
12  scheduling order and repeats his arguments about the nature of the testimony.  He also argues the
13  expense and danger of transporting the witnesses outweighs the potential benefit of their
14  testimony.  ECF No. 135 at 5-8.
15        In reply, plaintiff provides a declaration from Grant Fine, the investigator who
16  talked to the witnesses, and argues that his need for the witnesses outweighs the expense of
17  transporting them.  According to Fine, inmate Shepard, currently housed at the Correctional
18  Training Facility in Soledad, saw Rosario handcuff Draper and then, as they walked past the grill
19  gate of the sally port, slam Draper into the gate and then onto the ground.  Rosario pinned Draper
20  down with one knee and slammed Draper's face into the ground several times and then pulled
21  Draper up, twisting Draper's arms.  Declaration of Grant Fine, ECF No. 140 ¶¶ 3-4.
22        Inmate Frank Thompson, currently housed at CSP-Solano, told Fine that he heard
23  a verbal exchange between Rosario and Draper, saw Rosario push Draper into the grill gate face
24  first and then slam him to the ground.  Frank Thompson told Fine that Rosario then dropped his
25  weight onto Draper, pinning him with one knee even though Draper had not resisted at al.  *Id*.
26  ¶¶ 11-12.
27        Inmate Mario Thompson, currently housed at CSP-Solano, told Fine that he saw
28  Rosario fling Draper, who was handcuffed, into the sally port grill, fling Draper to the ground,

1  and pin him with one knee while Draper yelled in pain. *Id.* ¶¶ 13-14. Mario Thompson said that
2  Rosario had also slammed him into a door frame while he was handcuffed. *Id.* ¶ 15.

3  Inmate John Mitchell, currently housed at Deuel Vocational Institution, Tracy,
4  reported to Fine that while he was housed at CSP-Solano, Rosario handcuffed him and then
5  during an escort across the yard, yanked Mitchell to the ground, rolled Mitchell onto his stomach
6  and pinned him with one knee. Mitchell filed a grievance against Rosario. *Id.* ¶¶ 6-7.

7  Inmate Michael Haynes, currently housed at CSP-Sacramento, told Fine that when
8  he was housed at CSP-Solano Rosario sprayed Haynes with pepper spray, handcuffed him and
9  then pulled on his handcuffed arms, bringing him to the ground. *Id.* ¶¶ 9-10.

10 II. ANALYSIS

11 A trial judge has discretion to limit cumulative, repetitive, or irrelevant testimony
12 and control the scope of examination of witnesses. *Geders v. United States*, 425 U.S. 80, 86-87,
13 (1976); *Lutz v. Glendale Union High Sch.,* 403 F.3d 1061, 1071 (9th Cir.2005) (stating the court
14 has the discretion "to limit the number of witnesses on a particular point to avoid cumulative
15 evidence"). Efficiency is not the only consideration: "[u]nder Rule 403, the court should
16 consider the probative value of the proffered evidence and balance it against the harm of delay."
17 *Gen. Signal Corp. v. MCI Telecomms. Corp.,* 66 F.3d 1500, 1509-10 (9th Cir. 1995).

18 A request to produce inmate witnesses for trial raises additional considerations. A
19 court should consider the following factors in determining whether to exercise its discretion to
20 order the state to produce an inmate witness: "'whether the prisoner's presence will substantially
21 further the resolution of the case, the security risks presented by the prisoner's presence, the
22 expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until
23 the prisoner is released without prejudice to the cause asserted.'" *Wiggins v. Alameda Cnty.,* 717
24 F.2d 466, 468 n.1 (9th Cir. 1983) (quoting *Ballard v. Spradley*, 557 F.2d 476, 480 (5th
25 Cir.1977)); *Zamaro v. Moonga*, No. 1:09–cv–00580–BAM PC, 2014 WL 346631, at *1 (E.D.
26 Cal. Jan. 30, 2014).

27 Defendant says the court should not order any of the witnesses produced because
28 the eyewitnesses are merely cumulative of plaintiff's testimony and the testimony of Rosario's

3

other acts is inadmissible.  He also argues that these inmates, all of whom are serving long sentences for violent acts, pose security problems and the costs of transporting Mitchell and Shepard respectively are prohibitive.  ECF No. 135 at 5-6.

Plaintiff counters that defendant has not shown that these witnesses are a security risk despite the length of their sentences, defendant has overstated the transportation costs, and the testimony is vital for a fair trial.

The court agrees that eyewitness testimony will be important to allow plaintiff the opportunity to corroborate plaintiff's account and to challenge defendant's version of the incident.  However, despite plaintiff's claim that the witnesses' different vantage points gave rise to different observations, the descriptions in Investigator Fine's declaration are very similar.  Given the cumulative nature of some of the testimony and the costs of transporting the witnesses, the court grants plaintiff's request to obtain the attendance of inmates Frank Thompson and Mario Thompson, who are housed at CSP-Solano, but denies it as to Inmate Shepard, who is housed further away and will provide essentially the same account as the other two.  Despite the nature of their commitment offenses, there is nothing in the record suggesting that transporting these two witnesses to court will pose any unusual security problems.

Whether to grant the request as to witnesses Mitchell and Haynes raises different concerns.  Defendant argues that any such testimony would be inadmissible under Rule 404(b) of the Federal Rules of Evidence, which precludes admission of a person's other acts "to prove the character of a person in order to show he acted in conformity therewith," though such evidence may be admitted to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  This court considers four factors in determining whether such evidence is admissible:  "(1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged*." Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000) (footnote omitted).  The proponent bears the burden of showing it meets all four requirements.  *Richardson v. Mendez*, No. 2:10–cv–00025–GEB–EFB, 2013 WL 4500588, at *2

(E.D. Cal. Aug. 16, 3013). Even if the evidence meets the requirements of Rule 404(b) the court may nevertheless exclude it if it determines the prejudicial impact outweighs the probative value.

The relevant inquiry for an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992); *Whitley v. Albers,* 475 U.S. 312, 320 (1986). In making this determination, the court may evaluate "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." *Whitley*, 475 U.S. at 321. The finder of fact must evaluate both the objective and subjective components of the alleged violation. *Hudson*, 503 U.S. at 6-7.

Defendant concedes intent is at issue in this case, but argues Mitchell's and Haynes' accusations are not sufficient to support a finding that defendant committed the other acts. ECF No. 135 at 7. He relies on *United States v. Bailey*, 696 F.3d 794 (9th Cir. 2012), in which the court found the district court had erred in admitting an SEC complaint against a defendant charged with illegal stock transactions. The court in that case said that the "complaint is merely an accusation of conduct and not, of course, proof that the conduct alleged occurred. The prosecution did not introduce evidence that Bailey misused the SEC rules—rather, the prosecution offered only the complaint, which is far from evidence of anything." *Id*. at 801. A complaint is not evidence that the acts occurred, but live testimony, if believed, may be. *See, e.g.*, *United States v. Hinton*, 31 F.3d 817, 823 (9th Cir. 1994) (finding victim's uncorroborated testimony provided sufficient proof that the act occurred and defendant was the actor).

Plaintiff has also shown that the incidents with Mitchell and Haynes are sufficiently similar to satisfy Rule 404(b): they involve allegedly unprovoked attacks on handcuffed inmates occurring in 2008 and 2011, close enough in time.

"Rule 403 excludes relevant evidence otherwise admissible under 404(b) "'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury....'" United States v. King, 200 F.3d 1207, 1214 (9th Cir. 1999). Defendant argues in conclusory fashion that admission of this evidence will be unduly prejudicial, confuse the jury, and unduly prolong the trial.

"Unfair prejudice is an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Anderson*, 741 F.3d 948, 950 (9th Cir. 2013) (internal citation and quotation marks omitted). In this case, Haynes' testimony about Rosario's use of pepper-spray might prejudice Rosario or confuse the jury, and therefore it is excluded. To the extent Haynes can testify without referencing the use of pepper spray, his testimony will be allowed. Mitchell's allegations do not raise any problem of unfair prejudice, as they are similar to plaintiff's claims and thus highly probative on the question of Rosario's intent. While Haynes' testimony should be limited under Rule 403, that rule does not require any limitation on Mitchell's testimony.

IT IS THEREFORE ORDERED that:

1. Plaintiff's request to obtain the presence of Inmate Shepard is denied;

2. Plaintiff's request to obtain the presence of Inmates Frank Thompson, Mario Thompson, Michael Haynes (as limited above), and John Mitchell is granted;

3. The Clerk of the Court is directed to issue the appropriate writs to secure the presence of Inmates Frank Thompson, CDCR No. C-07772; Mario Thompson, CDCR No. T-54097; Michael Dwayne Haynes, CDCR No. J-78758; and John Edwards Mitchell, CDCR No. H-38255, for trial on May 4, 2014 in Courtroom Number Three.

DATED: April 7, 2014

_____
UNITED STATES DISTRICT JUDGE