KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
RENE L. LUCARIC, State Bar No. 180005
Supervising Deputy Attorney General
DAVID A. CARRASCO, State Bar No. 160460
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 897-6334
Fax: (213) 897-7604
E-mail: David.Carrasco@doj.ca.gov
*Attorneys for Defendant Rosario*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **JOHN CLINT DRAPER,**<br>Plaintiff,<br>**v.**<br>**D. ROSARIO,**<br>Defendant. | 2:10-cv-00032-KJM-EFB (PC)<br>**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**<br>Trial Date: May 5, 2014<br>Action Filed: January 5, 2010 |

The Court's ordered the parties to meet and confer in an attempt to generate a joint set of jury instructions and a verdict form and, to the extent the parties are unable to agree on all or some instructions, they must submit their proposed instructions separately. (Order 7:27-8:3, Apr. 3, 2014, ECF No. 136.) The parties have met and conferred as ordered, and the parties appear to have agreed nearly all of the proposed joint jury instructions. Although the parties may be able to submit all instructions jointly, they have not yet reached agreement on some issues. In particular, Defendant has requested that five jury instructions be included among the proposed joint instructions, and Plaintiff has not yet expressed its agreement with that request. Hence, Defendant submits those five instructions on the supposition that Plaintiff will not agree to

include them as joint exhibits. If Plaintiff does agree to include them, the Court may disregard this submission.

Dated: April 21, 2014

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
RENE L. LUCARIC
Supervising Deputy Attorney General

/s/ David A. Carrasco

DAVID A. CARRASCO
Deputy Attorney General
*Attorneys for Defendant Rosario*

SA2011301624
61254313 (2).doc

## INSTRUCTION: PRIOR BAD ACTS

You have heard evidence that Rosario used excessive force in prior incidents. You may not use this evidence to infer that, because of these prior incidents, Rosario carried out the act alleged in this case. You may consider this evidence only for the limited purpose of deciding whether Rosario had the intent to use excessive force. Remember, this is the only purpose for which you may consider evidence of Rosario's prior acts. Even if you find that Rosario may have committed the prior acts, this is not to be considered as evidence of character to support an inference that he committed the act alleged in this case.

AUTHORITY: Fed. R. Evid. 404(b), 105(b); *Huddleston v. U.S.*, 485 U.S. 681, 691-692 (1988); see also *Daniels v. Loizzo*, 986 F. Supp. 245, 248 (S.D.N.Y. 1997)

**INSTRUCTION: EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

AUTHORITY: Model Civil Jury Instr. 9th Cir. 1.8 (2007)

**INSTRUCTION: CREDIBILITY OF WITNESSES AND IMPEACHMENT EVIDENCE-WITNESS**

In deciding what the facts are, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account any number of factors, which may include the following:

1. Was the witness able to see, hear or know the things about which the witness testified?

2. How good is the witness's memory and is the witness able to testify clearly?

3. Was the witness's manner while testifying straightforward and convincing, or evasive and unconvincing?

4. Did the witness have an interest in the outcome of the case or any bias or prejudice concerning anyone or anything that mattered in the case, and if so, did that interest or bias affect the testimony?

5. How reasonable was the witness's testimony when you consider it in light of all the other evidence in the case?

6. Was the witness's testimony contradicted by what that witness said or did at another time, or by the testimony of other believable witnesses or evidence?

7. Has the witness been convicted of a felony? The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose?

8. Are there any other factors that bear on believability?

In deciding whether or not to believe a witness, remember that people sometimes

forget things or sometimes get confused.

Also, remember that weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

AUTHORITY: Model Civil Jury Instr. 9th Cir. 1.11 & 2.8 (2007) (modified)

**INSTRUCTION: IMPEACHMENT—INCONSISTENT STATEMENT OR CONDUCT**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

AUTHORITY: O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions-Civil* §105:04 (6th ed. 2012)

**INSTRUCTION: CAUSATION**

In order to establish that the acts of the Defendant deprived the Plaintiff of his particular rights under the United States Constitution as explained in the earlier instructions, the Plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

AUTHORITY: Model Civil Jury Instr. 9th Cir. 9.8 (2007) (modified)

# CERTIFICATE OF SERVICE

**RE:** **John Clint Draper v. D. Rosario, et al.**
**U.S.D.C. Case No: 2:10-cv-00032-KJM-EFB (PC)**

I hereby certify that on **April 21, 2014**, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 21, 2014**, at Los Angeles, California.

| Rosa Macias | /s/ Rosa Macias |
|---|---|
| Declarant | Signature |

61254367.doc