UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CLINT DRAPER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. ROSARIO,<br><br>　　　　Defendant. | Civ. No. S-10-32 KJM EFB PC<br><br><br>ORDER |

Defendant's motion to supplement his witness and exhibit lists with witnesses and documents to rebut plaintiff's inmate witnesses Haynes, Mitchell and Thompson is currently pending before the court. ECF No. 159. Plaintiff has opposed the motion and defendant has filed a reply. After considering the parties' arguments, the court GRANTS the motion in part and DENIES the motion in part.

Also pending is plaintiff's motion to admit the declarations of Richard Shepard. ECF No. 162. Defendant has opposed the motion and plaintiff has replied. After considering the parties' arguments on this request the court DENIES the motion.

I. BACKGROUND

Plaintiff Draper alleges that defendant Rosario used excessive force against him on September 9, 2009. ECF No. 49.

On October 18, 2013, plaintiff's newly appointed counsel made a motion to reopen discovery, seeking access to Rosario's personnel records, among other things, for any other complaints of excessive force against other inmates. ECF No. 104 at 3.

On November 27, 2013, the court found good cause for a limited opening of discovery and directed defendant to provide his personnel records for an *in camera* review. ECF No. 112 at 4-5. After reviewing the documents, the court declined to provide any to plaintiff, reasoning that most of what plaintiff sought was included in court filings by other inmates and the department's determination that Rosario's use of force was proper in three other incidents was not relevant. ECF No. 116.

On March 6, 2014, plaintiff filed a motion to obtain the attendance of incarcerated witnesses, asking the court to direct CDCR to produce three eyewitnesses to the interaction between Draper and Rosario and other inmates who allege defendant used excessive force against them on other occasions. ECF No. 127. Defendant opposed the motion and in reply plaintiff provided further information about the alleged interactions between defendant Rosario and Inmates Mitchell, Haynes, and Mario Thompson. ECF No. 140 at 3-5.

On April 3, 2014, the court issued its amended final pretrial order. ECF No. 137.

On April 7, 2014, the court denied the motion to produce Richard Shepard, one of the eyewitnesses who is housed the furthest away from the courthouse, but granted it as to Inmates Mitchell, Haynes and Mario Thompson. ECF No. 154.

On April 11, 2014, defendant filed the instant motion to supplement his list of trial witnesses and exhibits to include rebuttal/impeaching evidence for Haynes, Mitchell and Mario Thompson. ECF No. 159.

On April 14, 2014, plaintiff filed a motion to admit Shepard's declarations. ECF No. 160.

II.  THE MOTION TO SUPPLEMENT

The Amended Final Pretrial Order says in part that witnesses not listed in the order will not be permitted to testify unless "[t]he witness was discovered after the pretrial conference" and the proffering party shows the witness could not have been reasonably discovered before the

2

1  discovery cutoff, the party promptly notified the court and opposing counsel and, if there was no
2  time for a deposition of the witness, the party provided a reasonable summary of the witness's
3  testimony to opposing counsel.  ECF No. 137 at 5.
4        Defendant argues he could not reasonably have anticipated the need for any of the
5  impeaching information he now offers because the court's ruling on plaintiff's motion for access
6  to his personnel file suggested it would not approve any request for the production of witnesses
7  who would testify about other incidents with Rosario.  ECF No. 159 at 2.  He claims he was not
8  aware plaintiff wanted to call Haynes and Mitchell until plaintiff's reply to the opposition to the
9  request to produce incarcerated witnesses.  Rosario finally argues he will be prejudiced if he is
10 not allowed to present impeaching testimony.  *Id*. 4.
11       Plaintiff argues he identified Mitchell and Haynes in his initial disclosures in
12 December and said they had relevant information because they had been attacked by Rosario as
13 well.  ECF No. 160 at 3.  He also argues defendant will not be prejudiced because he can cross-
14 examine Haynes and Mitchell.
15       In reply, defendant argues that he could not have anticipated the need for the
16 rebutting evidence because Ninth Circuit authority led him to believe evidence of other acts
17 would not be admitted.   ECF No. 165.  He cites to *Duran v. City of Maywood*, 221 F.3d 1127
18 (9th Cir. 2000) and *Hiddleston v. United States*, 485 U.S. 681 (1988), neither of which he cited in
19 his opposition to plaintiff's request for the attendance of the witnesses.  To the extent these
20 additional citations constitute a request for reconsideration of the earlier order, the court declines
21 to reconsider.
22       The court also declines to resolve the parties' sniping about what defendant knew
23 or should have known and when he knew or should have known it.  That said, until the court
24 approved plaintiff's request, defendant could only suspect the proposed rebuttal information
25 would be relevant and necessary.  Without deciding whether defendant should have listed the
26 rebuttal evidence in anticipation of the court's ruling, the court agrees defendant will be
27 prejudiced if he is not able to present his eyewitnesses to any incidents with Haynes, Mitchell and
28 Mario Thompson.  He has not shown, however, that J. Peterson or M. Roberts, who were

3

involved in the evaluation of the force against Mitchell and Haynes respectively, can provide relevant, admissible evidence.  The court will allow defendant to supplement his exhibit list with the abstracts of judgment relating to the three new inmate witnesses as well as internal documents about the use of force.  This order is not a ruling on admissibility, a question that will be addressed in connection with the pending motions in limine.

III.  THE MOTION TO ADMIT DECLARATIONS

    A.  Background

Plaintiff asks that three declarations of Inmate Shepard, two prepared in August 2012 and one in December 2013, be admitted under Rule 807 of the Federal Rules of Evidence.  He argues that Shepard's declarations "have played an extremely significant role in this case" because they were part of the evidence plaintiff submitted on summary judgment and because they contain important factual details not provided by the other eyewitnesses.  ECF No. 162 at 2-3.  He says that Shepard was the only eyewitness who was in the office where the argument between Draper and Rosario started, who saw Rosario slam Draper's head into the concrete, and who heard Rosario yelling "don't move, this is my building.  I run this building," and Officer Colter ordering Rosario to stop attacking Draper.  ECF No. 162 at 3.

Plaintiff did not provide any of Shepard's declarations with his motion for the production of incarcerated witnesses nor did he at the time argue that Shepard was a particularly significant witness.  He argued generally that the proposed new witnesses would fill in gaps in *Rosario's* testimony.  ECF No. 138 at 2.  He did mention that Shepard reported seeing Rosario slam Draper's head against the concrete floor, but did not highlight that Shepard was the only eyewitness who could corroborate that portion of Draper's account.  *Id.*  He said nothing about Shepard hearing anything of significance from either Rosario or Colter.  ECF No. 140 ¶ 4; *see also* ECF No. 127 ¶ 4.

Plaintiff has now provided the three declarations from Shepard.  The first, a handwritten declaration from August 19, 2012, says that Rosario slammed the unresisting, handcuffed Draper into the grill-gate, knocked him to the floor and then attacked Draper again by putting a knee in his back and twisting his arm.  ECF No. 162-2 at 2.  During the interaction,

4

Rosario yelled "Don't move.  This is my building, I run this building" and slammed Draper's face into the concrete floor.  *Id.*   Two other CDC officers ordered Rosario to get off Draper and then pulled Rosario up.  *Id.*    The typed declaration of August 21, 2012 reproduces the handwritten declaration, including Shepard's opinion that Rosario's actions were "unprofessional" and "chilling."  ECF No. 162-3 at 2.

The declaration from December 13, 2013, handwritten by plaintiff's investigator, provides basically the same information, although he names Colter as the officer who ordered Rosario to stop, says for the first time that he was in the CO's office when Draper and Rosario began to argue, and denies being interviewed by any prison officials concerning the incident of September 9, 2009.  ECF No. 162-5 at 2-4.

Defendant has opposed the motion.  He argues the declarations are not admissible under the catch-all exception to the rule against hearsay because they were prepared years after the incident for the purpose of litigation and because when interviewed by correctional officers close in time to the incident, Shepard denied seeing anything.  ECF No. 169 at 2-4.

In reply, plaintiff contends that declarations prepared in anticipation of litigation have been admitted in other cases, and the declarations are otherwise trustworthy because Shepard has no interest in the outcome of the case and no motive to lie.  ECF No. 172 at 2.

B.  Analysis

Rule 807 of the Federal Rules of Evidence, the so-called "residual" or "catch-all" exception to the hearsay rule provides in relevant part:

> (a) Under the following circumstances, a hearsay statement is not excluded . . . even if the statement is not specifically covered by a hearsay exception . . .
>
> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
>
> (2) it is offered as evidence of a material fact;
>
> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

/////

>    (4) admitting it will best serve the purposes of these rules and the interests of justice.[1]

Under the Rule, a district has the discretion to admit a hearsay statement in "exceptional circumstances" so long as it meets the Rule's requirements. *United States v. Bonds*, 608 F.3d 495, 500-01 (9th Cir. 2010). The most important consideration is whether the hearsay has circumstantial guarantees of trustworthiness "equivalent to those present in the traditional exceptions to the hearsay rule." *Fong v. Am. Airlines, Inc.*, 626 F. 2d 759, 763 (9th Cir. 1980).[2]

1. Trustworthiness

In *United States v. Sanchez-Lama*, the Ninth Circuit held the district court had erred in excluding video-taped witness statements supporting defendant's claim that he had acted in self-defense when he struck a border patrol officer. These statements had been given under oath by witnesses who were later deported to Mexico. 161 F.3d 545, 547-48 (9th Cir. 1998). The court said the statements were sufficiently trustworthy under the residual exception to the hearsay rule because:

>    the declarants (1) were under oath and subject to the penalty of perjury; (2) made the statements voluntarily; (3) based the statements on facts within their own personal knowledge; (4) did not contradict any of their previous statements to government agents and defense investigators; and (5) had their testimony preserved on videotape which would allow the jurors an opportunity to view their demeanor.

*Id*. at 547; *see also United States v. Valdez-Soto*, 31 F.3d 1467, 1471 (9th Cir. 1994) (stating that a hearsay statement was sufficiently trustworthy when it was given shortly after the events in question, was the product of unhesitating cooperation, and was corroborated by physical evidence). The court also found it significant that the government had an opportunity to develop

/////

---

[1] Under subdivision (b), the proponent must give reasonable notice of the intent to use the evidence. Defendant does not argue plaintiff failed to give him notice.

[2] *Fong* interpreted former Rule 803(b)(5), while other cases discussing the residual hearsay exception mention Rule 803(24). In 1997, both these rules were combined into Rule 807 "'to facilitate additions to Rules 803 and 804. No change in meaning is intended.'" *Sternhagen v. Dow Co*., 108 F. Supp. 2d 1113, 1119 n.4 (D. Mont. 1999) (quoting Advisory Committee Note to Rule 807).

6

1 the witnesses' testimony through interviews and grand jury testimony. *Sanchez-Lima*, 161 F.3d
2 at 547-48.

3 In addition to these factors, courts have considered a number of other factors in
4 evaluating the trustworthiness of hearsay under the residual exception: the availability of the
5 declarant for cross-examination; the statement's proximity in time to the events; any
6 corroboration of the statement; a declarant's motivation to fabricate; whether the statement was
7 prepared in anticipation of litigation; the spontaneity of the statement; and any information
8 suggesting the declarant's memory or perception was faulty. *Sternhagen v. Dow Co*., 108 F.
9 Supp. 1113, 1119 (D. Mont. 1999).

10 Plaintiff argues Shepard's declarations are essentially analogous to the statements
11 in *Sanchez-Lima* because they are corroborated by the other inmate witnesses, were made
12 voluntarily and under the penalty of perjury, based on personal knowledge, and did not contradict
13 previous statements. ECF No. 162 at 4. He acknowledges defendant has produced a document
14 suggesting Shepard told prison investigators he did not see the incident, but does not address it
15 until the reply, when he argues it is meaningless because the memorandum attached to the
16 opposition is neither authenticated nor admissible. *See* Opp'n at Ex. 1, ECF No. 169 at 7; Reply,
17 ECF No. 172 at 3.

18 Defendant agrees that all three declarations were signed under the penalty of
19 perjury but argues they are not trustworthy because they were prepared years after the events at
20 issue and in anticipation of litigation. ECF No. 169 at 2-4.

21 In reply, plaintiff asserts the lapse of time does not outweigh the other factors
22 showing the trustworthiness of the declarations. He also argues that even though the declarations
23 were prepared in anticipation of litigation, Shepard does not have an interest in the outcome of the
24 case and so this factor similarly does not undercut the showing of trustworthiness.

25 While the declarations were prepared in anticipation of litigation, Shepard does not
26 have a stake in the case, so this factor does not seriously undercut the trustworthiness of the
27 declarations. *Compare Sternhagen*, 108 F. Supp. 2d at 1120 (declining to admit videotaped
28 /////

1  statement under oath in part because the decedent, who was the original plaintiff in the case, "had
2  an interest in presenting the facts . . . in the light most favorable to his claims").
3          Of greater concern is the almost three-year lapse between the incident and
4  Shepard's initial statements. *See United States v. Sinclair*, 74 F.3d 753, 759 (7th Cir. 1996)
5  (stating that "immediacy of . . . knowledge is one of the key circumstances indicating
6  trustworthiness"); *see also Kyeame v. Buchheit*, Civil Action No. 1:07–cv–01239, 2011 WL
7  6151428, at *2 (M.D. Pa. Dec. 12, 2011) (finding witness's description of plaintiff's arrest not
8  trustworthy within the meaning of Rule 807 in part because it was made a year after the event).
9  Moreover, the declarations shed no light on why Shepard would remember the events with great
10 clarity three years later.  This concern is tempered somewhat by the fact that Shepard's account is
11 corroborated by the other eyewitnesses to the incident.
12         More troubling is Sergeant Peel's memorandum, which includes Shepard's
13 statement that he "was at work in Building 6."  ECF No. 169 at 7.  Even though this
14 memorandum is not submitted under the penalty of perjury, the court cannot ignore it in
15 evaluating the trustworthiness of Shepard's declarations.
16         Overall the circumstantial guarantees of trustworthiness are not strong.
17             2.  Materiality
18         Defendant does not challenge the materiality of Shepard's declarations.  *See*
19 *United States v. Peneaux*, 432 F.3d 882, 892 (8th Cir. 2005) ("The materiality requirement in
20 Rule 807 is merely a restatement of the general requirement that the evidence must be relevant.")
21 (internal citation & quotation marks omitted).
22             3.  More Probative Than Other Evidence
23         Defendant argues Shepard's declarations are no more probative than Draper's
24 testimony.  ECF No. 169 at 4.  Plaintiff counters that an account of a third party is inherently
25 more trustworthy than a litigant's own testimony.  ECF No. 172 at 3-4.  He repeats that Shepard
26 recalls details no other third-party witness has described.  *Id*.
27         Plaintiff has not shown Shepard's declarations are "more probative than other
28 evidence . . . [he] can obtain through reasonable effort."  He has provided only his investigator's

8

1 brief descriptions of the testimony of the other eyewitnesses so the court cannot determine
2 whether they will also testify as to details he claims are uniquely within Shepard's recollection.
3 In addition, plaintiff had the opportunity to show the unique nature of Shepard's proposed
4 testimony when he sought to secure Shepard's presence initially, yet failed to do so. *See Wiggins*
5 *v. Alameda Cnty.*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (stating a court must consider the
6 expense of transporting the witness and whether the witness's presence will substantially further
7 the plaintiff's case). He has not shown he expended "reasonable effort" at the appropriate time to
8 obtain Shepard's presence. *See Sinclair*, 74 F.3d at 759 (rejecting use of witness's statements
9 when defendant did not take steps to present the witness's live testimony); *Bortell v. Eli Lilly &*
10 *Co.*, 406 F. Supp. 2d 1, 10 (D. D. C. 2005) (declining to admit affidavits under Rule 807 when the
11 party failed to take reasonable steps to procure the evidence offered under the rule). To the extent
12 plaintiff in essence seeks reconsideration of the court's prior order regarding Shepard, the court
13 declines reconsideration in this respect.

14                       4. The Purpose of the Rule

15         As noted, the Ninth Circuit has cautioned that evidence should be admitted
16 under this rule only in exceptional circumstances. *Bonds*, 608 F.3d at 500. Admitting Shepard's
17 "run-of-the-mill hearsay," *Fong*, 626 F.2d at 763, undercuts the idea that the rule should be
18 limited so it "does not swallow the entirety of the hearsay rule." *United States v. Tome*, 61 F.3d
19 1446, 1452 (10th Cir. 1995).

20         Given the limited showing of trustworthiness and the plaintiff's failure to
21 undertake reasonable efforts to present Shepard's testimony, the court finds plaintiff has not
22 satisfied the requirements of Rule 807.

23         IT IS THEREFORE ORDERED that:
24         1. Defendant's motion to supplement his witness and exhibit lists, ECF No. 159,
25 is granted in part and denied in part as set forth above;
26         2. Defendant's supplemental witness and exhibit lists are due by May 2, 2014; and
27 /////
28 /////

9

3.  Plaintiff's motion to admit the declarations of Richard Shepard, ECF No. 162, is denied.

DATED: April 25, 2014.

_____
UNITED STATES DISTRICT JUDGE