1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11     JOHN CLINT DRAPER,                           No. 2:10-cv-0032 KJM EFB

12                      Plaintiff,

13            v.                                     ORDER

14     D. ROSARIO,

15                      Defendant.

16

17            Defendant Rosario's application for a bill of costs is pending before the court.

18     Plaintiff has opposed the motion and defendant has filed a reply.  The court ordered the matter

19     submitted without argument and now GRANTS the application.

20     I.  BACKGROUND

21            On January 5, 2010, plaintiff filed a civil rights complaint alleging, among other

22     things, that defendant Rosario had used excessive force during an encounter on September 9,

23     2009.  ECF No. 1.  He also filed a request to proceed in forma pauperis, supporting the request

24     with a declaration showing he had no money in his inmate trust account.  ECF No. 2.

25            The case went to trial and on June 20, 2014, the jury returned a verdict for

26     defendant; judgment was entered on June 24, 2014.  ECF Nos. 235, 238.

27            On June 25, 2014, defendant filed an application to tax costs, seeking $2,598.35

28     for transcripts, $400 in witness fees, and $20 in docket fees, for a total of $3,018.35.  ECF No.

1

239.  Plaintiff has objected, arguing he is indigent and the award of costs will have a chilling effect on other civil rights litigation.  ECF No. 241.  In reply defendant says that costs are appropriate despite plaintiff's indigence.  ECF No. 243.

II.  ANALYSIS

Under Rule 54(d) of the Federal Rules of Civil Procedure, a court may award those costs listed in 28 U.S.C. § 1920 to a prevailing party:  "Unless . . . a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."  FED. R. CIV. P. 54(d); *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 441 (1987).  Indeed, "[a] district court deviates from normal practice when it refuses to tax costs to the losing party, and that deviation triggers the requirement to 'specify reasons.'"  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (citing *Assoc. of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000)).

The Ninth Circuit has said that proper reasons for denying costs include (1) the losing party's limited financial resources; (2) the prevailing party's misconduct; (3) the potential chilling effect of imposing high costs on civil rights litigants; (4) the nature of the prevailing party's recovery; (5) the losing party's good faith in litigating; and (6) the importance of the case. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (citing *Mexican-American Educators*, 231 F.3d at 592 & n.15).

Plaintiff does not challenge the costs themselves, which are authorized under the statute.  *See Indep. Iron Works, Inc. v. U.S. Steel Corp*., 322 F.2d 656, 678 (9th Cir. 1963) (stating that the cost of deposition transcripts "necessarily obtained for use in the case" can be taxed under § 1920(4)) (quotation marks omitted); *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1064 (9th Cir. 2003) (stating that witness fees of $40 per day under 28 U.S.C. § 1821(b) may be taxed under § 1920); *King v. Kalama  Sch. Dist. No. 402*, No. C05-5675RBL, 2008 WL 110518, at *1 (W.D. Wash. Jan. 7, 2008) (stating the attorney's docket fee under 28 U.S.C. § 1923(a) is a taxable cost).  Moreover, the court notes that defendant does not seek any costs related to litigation of the question whether he would be allowed to introduce at trial a videotape not disclosed during discovery.

2

1    As noted, plaintiff does argue that the court should not tax costs because of

2   plaintiff's indigence and the chilling effect the award will have on civil rights cases.  "'[A]

3   substantiated claim of the losing party's indigency may justify a reduction or denial of costs to the

4   prevailing party, although such indigency is not an absolute shield to the imposition of costs.'"

5   *Conn v. City of Reno*, No. 3:05-CV-00595-HDM-WGC, 2012 WL 4194560, at *3 (D. Nev. Sep.

6   19, 2012) (quoting Moore's Fed. Prac. § 54.10[1][b]).  Plaintiff has not submitted any updated

7   financial information even though the "pertinent time" for determining whether his indigency has

8   an impact on the imposition of costs "is the time the costs [are] initially taxed."  *Stanley v. Univ.*

9   *of So. Ca*., 178 F.3d 1069, 1080 (9th Cir. 1999).  Given the level of prison wages, plaintiff's

10   economic status is unlikely to have improved much even if he has secured new prison

11   employment.  *See Reed v. Moore*, 2:05-CV-00060 JAM KJN, 2011 WL 703618, at *2 (E.D. Cal.

12   Feb. 18, 2011) (denying $4,293.89 in costs when "it is highly unlikely" the inmate would be able

13   to satisfy any costs).  Nevertheless, plaintiff has not shown the imposition of defendant's

14   relatively modest costs will harm him despite his indigence.  *Jones v. Neven*, No. 2:07–CV–1088

15   JCM (GWF), 2011 WL 703618, at 2 (D. Nev. Jan. 14, 2013) (imposition of costs on inmate will

16   not render him indigent in light of fact that costs will be paid in installments under 28 U.S.C. §

17   1915(f)(2)(B)); *Janoe v. Stone*, No. 06-CV-1155 JM, 2012 WL 70424, at *2 (S.D. Cal. Jan. 9,

18   2012) (imposing costs because of the "piecemeal payment plan" even though plaintiff was unable

19   to secure a prison job and worried about paying for hygiene items); *see also Antoine v. Cnty. of*

20   *Sacramento*,  No. Civ. S-06-01349 WBS GGH, 2009 WL 1260318, at *2 (E.D. Cal. May 6, 2009)

21   (whether threat of indigency from imposition of costs is genuine "depends on the amount of the

22   potential cost award"); *compare Stanley*, 178 F.3d at 1080 (denying "extraordinarily high" bill of

23   costs).

24    Plaintiff also argues any award of costs will "deter future litigants from protecting

25   their civil rights by filing lawsuits in federal court."  ECF No. 241 at 3.  Defendant counters

26   generally, that "[p]risoner civil-rights litigation in California is thriving."  ECF No. 243 at 4.  In

27   *Stanley,* the Ninth Circuit remanded the case to the district court to consider its order taxing costs,

28   noting "the imposition of [] high costs on losing civil rights plaintiffs of modest means may chill

civil rights litigation" and finding the claims raised in that case were important and "far from obvious."  178 F.3d at 1080; *see also Assoc. of Mexican-American Educators*, 231 F.3d at 593 (upholding denial of costs in "extraordinary, and extraordinarily important, case" and saying that granting high costs in important cases might discourage other civil rights litigation).  Without downplaying the importance of the case to plaintiff personally, or the potential viability of excessive force claims against prison guards, the issues in this case were not novel or complex, nor is there any reason to believe that the modest award of costs here will chill future inmate litigation.

IT IS THEREFORE ORDERED that:

1. Defendant's application for costs is granted; and

2. Plaintiff is taxed $3,018.35 in costs.

DATED:  July 23, 2014.

_____
UNITED STATES DISTRICT JUDGE