1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN CLINT DRAPER,                          No. 2:10-cv-00032-KJM-EFB

12                    Plaintiff,

13          v.                                     ORDER

14    D. ROSAIRO, et al.,

15                    Defendants.

16

17          This matter is before the court on plaintiff John Clint Draper's motion to appoint

18    counsel.  Mot. for Counsel, ECF 277.  Mr. Draper is a state prisoner that originally brought this

19    action without counsel under 42 U.S.C. § 1983.  ECF No. 1.  This court appointed counsel to

20    assist Mr. Draper through his trial in June 2014.  Order, filed Sept. 24, 2013, at 2, ECF No. 99.

21    After trial, the court entered judgment against Mr. Draper, consistent with the jury's verdict.

22    Judgment, ECF No. 238.  Mr. Draper appealed this court's judgment to the Ninth Circuit.  Notice

23    of Appeal, ECF No. 252.  He was assisted by court-appointed counsel throughout his appeal.  *See*

24    *Draper v. Rosairo*, 836 F.3d 1072, 1075 (9th Cir. 2016).  The Ninth Circuit panel affirmed this

25    court's dismissal of the procedural due process claim and its evidentiary rulings, but vacated and

26    remanded the court's award of costs against Mr. Draper.  *Id.* at 1089.  The panel instructed the

27    court to reconsider whether a cost award was warranted, and, if so, an appropriate amount in light

28    /////

                                                    1

1   of the panel's opinion.  *Id.*  Mr. Draper now seeks a court-appointed attorney to assist him on

2   remand.  ECF No. 277.  For the following reasons, the court denies Mr. Draper's motion.

3      The decision whether to appoint counsel is within the discretion of the court and is

4   "granted only in exceptional circumstances."  *Agyeman v. Corrections Corp. of America*, 390

5   F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir.

6   1984)); *Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998); *Johnson v. U.S. Dept. of Treasury*,

7   939 F.2d 820, 824 (9th Cir. 1991).  To find exceptional circumstances warranting court-appointed

8   counsel, the court must evaluate "the likelihood of the plaintiff's success on the merits and an

9   evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal

10  issues involved."  *Agyeman*, 390 F.3d at 1103 (internal quotes omitted); *Palmer v. Valdez*, 560

11  F.3d 965, 970 (9th Cir. 2009).

12     Here, the court finds no exceptional circumstances warranting the appointment of

13  counsel.  The limited issue on remand before this court is far from complex.  *See Terrovona v.*

14  *Kincheloe,* 912 F.2d 1176 ("Trial court did not abuse its discretion by failing to appoint counsel

15  for petitioner given that no evidentiary hearing was required and that issues to be considered on

16  remand had been narrowed.") (citation omitted); *cf. Chaney v. Lewis,* 801 F.2d 1191, 1196 (1986)

17  (instructing the court to appoint counsel in a death penalty case because the panel's opinion

18  "increased the complexities of the issues with which the district court must deal on remand").

19  Mr. Draper has provided no argument as to why this case presents exceptional circumstances.

20  *See* ECF No. 277 (stating only that he requests "another lawyer to represent him in pro bono in

21  this case to consider the issue of costs and the miscarriage of justice…").  Previously, the court

22  appointed counsel to assist Mr. Draper before and during trial, given his triable claims.  On

23  remand, the limited inquiry before the court involves reassessing the appropriate award of costs in

24  light of the Ninth Circuit's instructions.  This straightforward issue does not require that Mr.

25  Draper be provided the assistance of counsel.

26     Accordingly, the court denies Mr. Draper's motion to appoint counsel.  This resolves ECF

27  No. 277.

28  /////

1      The court orders the following briefing schedule on the merits of the issue on remand.

2    The court will hold a hearing on the matter at 10:00 a.m. on **February 10, 2017**.  Both parties

3    have a deadline of 5:00 p.m. on **January 13, 2017** to submit initial briefs.  Should the parties

4    wish to submit rebuttal briefs, they must do so by 5:00 p.m. on **January 27, 2017.**

5            IT IS SO ORDERED

6    DATED:  December 1, 2016.

7

8                                                    _____

9                                                    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28