UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CLINT DRAPER, | No. 2:10-cv-00032-KJM-EFB PC |
| Plaintiff, | |
| v. | ORDER |
| D. ROSARIO, et. al., | |
| Defendants. | |

      Plaintiff John Draper brought this prisoner civil rights action alleging that a correctional officer violated his Eighth Amendment right to be free from excessive force when he slammed Draper against a gate and onto the floor while Draper was handcuffed. A jury returned a unanimous verdict for defendant D. Rosario, and the court awarded Rosario $3,018.35 in costs. Draper appealed. The Ninth Circuit affirmed the judgment but vacated and remanded the cost award. On remand here, Rosario asks the court to award the same amount the Ninth Circuit vacated; Draper asks the court to decline to award any costs. The court submitted the matter without a hearing. ECF No. 289. As discussed below, after careful consideration in light of the Ninth Circuit's remand, the court DENIES Rosario's request for costs.

////

////

////

1

I.  BACKGROUND

On January 5, 2010, Draper filed a section 1983 civil rights claims against Rosario. ECF No. 1. The case went to trial, and the jury reached a verdict for Rosario. Verdict, June 20, 2014, ECF No. 235. Five days later, Rosario filed a bill of costs seeking $3,018.35 against Draper. Def.'s Cost Application, June 25, 2014, ECF No. 239 (seeking $2,598.35 for deposition transcripts, $400 for witness fees and $20 in docket fees). Over Draper's objection, the court granted Rosario's request in full. ECF No. 257. Draper appealed the court's rulings,[1] including the cost award. Notice of Appeal, July 11, 2014, ECF No. 251.

The Ninth Circuit affirmed the court's rulings in part, but vacated and remanded the award of costs with instructions and explicit findings. *Draper v. Rosario*, 836 F.3d 1072, 1088-89 (9th Cir. 2016). The Circuit applied a multi-factor test and concluded "severe injustice would result" from an award of $3,018.35 against Draper. *Id.* at 1089.

Both parties briefed the cost award issue in light of the Ninth Circuit's remand order. Rosario's Br., ECF No. 283[2]; Draper's Br., ECF No. 284; Rosario's Reply, ECF No. 287; Draper's Reply, ECF No. 288. Draper renews his initial arguments made in this court, that a cost award is inappropriate based on his inability to pay and the award's potential chilling effect, then supplements his argument by invoking the remaining factors the Ninth Circuit raised in its decision. Draper's Br. at 3-6; Opp'n to Cost Application, ECF No. 241 (raising initial two arguments against a cost award). Draper also argues now, for the first time, that Rosario's witness-related expenses may not be taxed as costs. Draper's Br. at 7. Whether Draper may raise this argument for the first time on remand when it was available to him all along is questionable,

---

[1] In addition to appealing the cost award from which this order derives, Draper appealed the court's order dismissing his procedural due process claim, *see* Order, ECF No. 47, and he appealed the court's evidentiary ruling to exclude certain witness testimony.

[2] The court ordered a simultaneous due date and time for both parties' initial briefs. *See* Min. Order, ECF No. 279 ("Both parties have a deadline of 5:00 p.m. on 1/13/17 to submit initial briefs."). Draper filed his initial brief three hours late, giving him potentially an unfair tactical advantage. *See* Receipt for Draper's Br., ECF No. 284 (filed on 1/13/17 at 8:57 p.m.). The court does not take this transgression lightly, but there does not appear to be any actual advantage gained. Rosario's reply brief two weeks later mitigates any potential harm. *See* Rosario's Reply. Accordingly, the court considers Draper's late filing.

but the argument is nonetheless unavailing: The witness-related costs Rosario seeks are authorized by law. *See Clausen v. M/V New Carissa*, 339 F.3d 1049, 1064 (9th Cir. 2003) (stating witness fees of $40 per day under 28 U.S.C. § 1821(b) may be taxed under § 1920); 28 U.S.C. §§ 1920(3)[3], 1920(a)(1)[4]. Draper cites no contrary authority. All costs Rosario seeks are allowable. Nonetheless, as discussed below, the Ninth Circuit's teaching renders a cost award in this case inappropriate.

II. ANALYSIS

Courts presume cost awards to the prevailing party are appropriate. *See* Fed. R. Civ. P. 54(d)(1) ("[C]osts other than attorneys' fees shall be allowed . . . to the prevailing party unless the court otherwise directs."); *Draper*, 836 F.3d at 1087 (quoting *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003)) ("Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded.").

Yet, there are scenarios in which such awards may be inappropriate. The Ninth Circuit in this case identified the following non-exhaustive factors as a "starting point" for the analysis, each of which could support a decision to deny a cost award: "(1) the substantial public importance of the case; (2) the closeness and difficulty of the issues in the case; (3) the chilling effect on future similar actions; (4) the plaintiff's limited financial resources; and (5) the economic disparity between the parties." *Draper*, 836 F.3d at 1088-89 (citation omitted). The losing party "need not demonstrate that all five factors weigh against imposing costs," *id.* (citation omitted), and a district court has discretion to refuse to award costs, *id.* at 1087 (quoting *Ass'n of Mex.-Am. Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000)).

The Circuit analyzed the factors it identified and found each one "counsel[ed] against imposing a large cost award in Draper's case." *Id.* at 1088 (citation omitted). It specifically found that "severe injustice would result" from an award of $3,018.35 against Draper.

---

[3] "A judge or clerk of any court of the United States may tax as costs . . . fees and disbursements for printing and witnesses." 28 U.S.C. § 1920(3).

[4] Providing in pertinent part, "Except as otherwise provided by law, a witness in attendance at any court of the United States . . . shall be paid the fees and allowances provided by this section." 28 U.S.C. § 1920(a)(1).

3

1   *Id* at 1089.  The Circuit recognized Draper's civil rights case had "substantial public importance," was a "close case" that "turned on which competing account of events the jurors believed," and that a cost award "could chill similar lawsuits challenging Eighth Amendment violations in jails and prisons." *Id*. at 1088-89.  The Circuit also noted Draper has "virtually no resources" and that "[t]here is no comparison between Draper's limited resources and those of the state of California, which bore the defense costs." *Id*. at 1089.  With these findings and factors in mind, the Circuit remanded to this court to reconsider whether a cost award is warranted at all and, if so, in what amount. *Id.*

      Having carefully reviewed the Ninth Circuit's discussion of the relevant factors, the court finds no cost award is appropriate in this case.  Merely reducing the cost award would not mitigate the multiple concerns the Ninth Circuit has identified.

      Accordingly, the court DECLINES to award any costs to Rosario against Draper.

      IT IS SO ORDERED.

DATED: August 17, 2017.

                                                                                                      UNITED STATES DISTRICT JUDGE